## THOMAS BRYANT *vs.* HENRY M. POLLARD.

A mortgage of personal property made to secure an indorser of a note is not discharged by the indorser's lending to the mortgagor money which is applied to the payment of the note, unless the parties intend that the mortgage shall be thereby discharged.

No action lies to recover the price of mortgaged personal property sold in violation of Gen. Sts. *c.* 161, § 62, and returned by the purchaser to the seller.

CHAPMAN, J.    This action is brought to recover the price of a cow which was sold by the plaintiff to the defendant. The defendant returned the cow to the plaintiff after the sale and delivery, and refuses to pay for her.    One of the grounds of his defence is, that at the time of the sale she was under a mortgage to one Newton.

It appears that the sale to the defendant was on the 28th of March 1863.    About the 1st of June 1862 the plaintiff had applied to Newton to indorse a note for him, in order that he might get it discounted at a bank.    It was a note payable to the plaintiff, and indorsed by him.    Newton became the second indorser, and took a mortgage of the cow and some other property as his security.    Before the note became due the plaintiff informed Newton that neither the maker nor the plaintiff would be able to take up the note, and that he would need Newton's aid in raising the money.    Newton gave him the money, and he paid the note with it.    He contends that this was a mere loan by Newton to him, and that by taking up the note he discharged the mortgage.    This would be so if the parties so intended it. But such might not be their intent.    Newton was liable to have his name dishonored at the bank, and to pay the note ; and if he chose to advance the money for its payment, and prevent its being protested, he might do so, and might furnish the money to the plaintiff for the purpose without discharging the mortgage. The question of intent was submitted to the jury, and they have found against the plaintiff.    The mortgage then remained in force, and it had not been discharged prior to the sale of the cow to the defendant, because the plaintiff had not paid the note prior to that time.    *Davis* v. *Maynard*, 9 Mass. 242.

*Watkins* v. *Hill,* 8 Pick. 522. *Pomroy* v. *Rice,* 16 Pick. 22. *Grimes* v. *Kimball,* 3 Allen, 518.

By Gen. Sts. *c.* 161, § 62, it is made a crime for a mortgagor of personal property to sell or convey the same without the written consent of the mortgagee, and without informing the person to whom the sale or conveyance is made of the mortgage. In this case there was no consent of the mortgagee to the sale, nor any information of the mortgage to the defendant. He had a right, therefore, to treat the sale as void, because it was made in violation of law.

It is not necessary to consider the questions that have been raised in regard to the warranty. *Exceptions overruled.*

*J. Rutter,* for the plaintiff, cited *Abbott* v. *Upton,* 19 Pick. 434.

*W. F. Slocum,* for the defendant.